UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VIRGIL LEE JACKSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:08CV1606 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody to Vacate, Set Aside or Correct Sentence, [Doc. 1]. The government has responded to the motion. For the reasons set forth below, the motion is denied, without a hearing.

## Facts and Background

On October 25, 2005, a Criminal Complaint against Movant was filed alleging that Movant, a convicted felon, possessed a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). A superseding indictment was filed on May 25, 2006 charging Movant with use of a facility in interstate commerce with intent to commit murder in violation of 18 U.S.C. § 1958, (Count I) and possessing a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1)(Count II). Movant plead guilty to Count I of the Superseding Indictment on August 13, 2007 in open court. He was sentenced on November 1, 2007 to 120 months imprisonment. Count II

was dismissed at the time of sentencing. Petitioner now moves to vacate that sentence.

## Standards for Relief Under 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate either cause for the default and

actual prejudice, or actual innocence." *Id*; *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir.2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley* 523 U.S. at 622).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." See *Becht v. United States*, 403 F.3d 541, 545 (8th Cir.2005). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *Frady*, 456 U.S. at 170, and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense).

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States*

*v. White,* 341 F.3d 673, 678 (8th Cir. 2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

> In order to prevail on an ineffective assistance of counsel claim, [movant] must show that (1) [his] "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995) (citation omitted). Under the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Assuming that counsel's performance has been deficient, the second element of prejudice requires a "reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Garrett*, 78 F.3d at 1301 (citations omitted).

*Toledo v. U.S.*581 F.3d 678, 680 (8th Cir. 2009).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of

counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong,

however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

### Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively determined based upon the

parties' filings and the records of the case, no evidentiary hearing will be necessary.

**Discussion**

Movant raises three claims in his Motion. All three of Movant's claims hinge on his argument that his guilty plea was entered while he was taking medication.

**Ground One**: Movant claims he was incompetent to plead guilty and did not knowingly and intelligently or voluntarily enter a plea of guilty. Movant claims he was taking high blood pressure medication along with psychotropic medication for depression and anxiety, however, at the plea, he testified that he was not taking any medication, had never been treated for or diagnosed as having any type of mental illness or mental disease and had never taken any medication of the type that is used for treatment of mental illness or mental disease.

Petitioner claims the answers to the Court's question were not true and that clearly, his guilty plea was not knowing or voluntary because he was so affected by the drug he was taking that he perjured himself in spite of the Court's warning that perjury could result in further prosecution.

The record and the transcripts, coupled with Movant's former counsel's affidavit, belie Movant's argument. During the plea colloquy, this Court extensively questioned Movant as to his understanding and intentions. Movant answered each question responsively and coherently. He did not waiver in anyway in answering the Court's questions, nor did he indicate in any way that he was confused about

any aspect of the proceedings. The Court asked if there was anything he needed to know or wanted to know about his case that he was still confused about or may not understand. Movant was attentive and explanatory in his response to the Court's question as to why he was in court on that day. He even testified that he was in court for him to plead guilty to a lesser charge at a lesser amount of time in prison. Movant was able to answer all the Court's questions appropriately and did not appear to be confused in the slightest manner. Movant's subsequent self serving affidavit that he was laboring under the influence of his medications such that he did not comprehend what was happening and the effect of his guilty plea are contradicted by the record and are inherently incredible. Each of the Court's questions was answered with an expected response; there was never any answer to any question that was unresponsive or confused in nature. As the government argues, the affidavits of Movant's friends and family merely confirm that Movant was unhappy and cannot reasonably be construed as evidence of Movant's mental state. Likewise, the medical records do not undermine Movant's sworn, coherent testimony at the plea hearing. "Treatment with anti-psychotic drugs does not *per se* render a defendant incompetent to stand trial." *Vogt v. United States*, 88 F.3d 587, 591 (8th Cir. 1996). Based on this record, a hearing is not required. *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). Since the Court finds that Movant's sworn testimony at the plea proceedings directly refutes, in toto, his

- 8 -

belated assertion that he was under the influence of drugs when he pleaded guilty, relief should be denied. See, *United States v. Unger*, 635 F.2d 688 (8th Cir. 1980); *United States v. Lambros*, 614 F.2d 179 (8th Cir. 1980); *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1980), cert. denied, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981); *Parton v. Wyrick*, 614 F.2d 154 (8th Cir. 1980).

Movant's ground one is denied.

**Ground Two**: Movant claims counsel was ineffective during the plea negotiations and for allowing Movant to perjure himself. Movant claims counsel was ineffective for failing to alert the Court that Movant was being treated for a mental illness and currently under the influence of mind altering psychotropic medications and for failing to request a mental competency evaluation of Movant. Counsel for Movant has submitted an affidavit which contravenes Movant's argument. Moreover, Movant's own sworn testimony entirely contradicts Movant's position. Although Movant urges that counsel was aware of his "incompetence," Movant has presented no evidence suggesting that counsel knew or believed him to be incompetent to enter his guilty plea. Indeed, Counsel points out that Movant insisted on having certain language included in the plea agreement. Movant has presented nothing which would approach the *Strickland* standard of ineffectiveness. Ground Two will be denied.

**Ground Three**: Movant claims that due to mental illness and mind altering psychotropic drugs, he was not competent to waive his constitutional rights to trial by jury and other rights related to trial by jury. Once again, the record, without qualification, refutes Movant's position. This Court specifically addressed the issue of waiving trial in the plea agreement and Movant unequivocally stated that he understood his rights, and desired to enter his plea. At no point during the examination of Movant under oath did Movant exhibit any indication that he did not understand what was occurring in Court. Movant's claim now, after sentencing, that he was so affected by the drugs that he was taking as to not be competent to waive his rights is incredulous, as evidenced by the appropriate responses to the questions. Movant cannot avoid the clear, complete and coherent record before the Court. Ground Three is denied.

## Conclusion

Based upon the foregoing analysis, the grounds presented by Movant fail to establish that Movant is entitled to relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A

substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 16th day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE